Clement, J.
An execution was issued against the person of the defendant, and by an order at special term the same was vacated, from which order this appeal was taken. No order of arrest was obtained before judgment, and the question to be decided is, whether this action was for conversion, or for moneys received in a fiduciary capacity.
If the action was for the wrongful conversion of personal property, then the execution was properly *475 issued (Code Civ. Pro. § 549). On the other hand, if the action was for moneys received in a fiduciary capacity, the order vacating the execution should be affirmed, for the reason that no order of arrest was obtained prior to judgment (Code Civ. Pro. § 550, subd. 3).
The plaintiff alleged as follows in his complaint;
“First, that plaintiff and defendant are residents of the city of Brooklyn, county of Kings and State of New York.
“ Second, that between July 15, 1868, and October 13, 1874, at the said city of Brooklyn, the plaintiff paid and delivered to the defendant, as her trustee, various sums of money, amounting in all, exclusive of interest, to the sum of $796, which said sums of money defendant accepted and agreed to deposit in bank in trust for plaintiff, and to return the same to plaintiff with interest on demand.
“Third, that defendant did so deposit said sums of money in trust for plaintiff in the Emigrant Savings Bank of Brooklyn, and that the principal and interest amounted to $1,055.25, all of which defendant drew out of said bank between May 21, 1869, and January 24, 1879, and kept, retained and converted the same to his own use.
“Fourth, that plaintiff has since duly demanded said principal sum of $796, together with the interest $259.25, amounting in all to the sum of $1,055.25, from defendant, but no part thereof has been paid except the sum of $64.50, which defendant has paid plaintiff on account, between January 1, 1879, and defendant still neglects and refuses to pay the same.”
It must be assumed that it was adjudicated by the judgment on which the execution was issued, that the sums of money in the Emigrant Savings Bank were deposited in trust for plaintiff, and that the defendant drew them out of the bank and expended them for his *476 own use, and on demand refused to return them to plaintiff.
The defendant could draw the deposit out of the bank to return the same to plaintiff, but when he received the money, the law required that he should hold the same separate from other property. The fund, when in the bank, and after it was drawn out-, was the property of the plaintiff.
The two acts of the defendant,—viz., the withdrawal from the bank, and the failure to pay over,—taken together, amount to a conversion, for which the action was brought.
The case of Smith v. Frost (70 N. Y. 71) seems in point. It is there held that a trustee who obtains possession of property belonging to the cestui que trust, and refuses to deliver such property on demand at the expiration of the trust, is liable for a conversion.
It is contended that an application had been made to the special term for leave to issue the execution against the person and that the motion was denied. No order is produced, and we cannot tell the grounds of the denial.
It was not necessary to obtain leave, and we may therefore assume that the motion was denied for that reason.
The order appealed from must be reversed, with $10 costs and disbursements ; and the motion to vacate the execution denied.
Reynolds, J., concurred.